PER CURIAM.
¶ 1 Josef K. Eibl appeals judgments convicting him of stalking and felony bail jumping, both as acts of domestic abuse. He also appeals an order partially denying his postconviction motion. Eibl argues: (1) he should be allowed to withdraw his pleas because they were not knowingly, intelligently, and voluntarily entered; and (2) there is a new factor that entitles him to resentencing. We reject these arguments and we therefore affirm.
¶ 2 Eibl first argues that he should be allowed to withdraw his pleas because they were not knowingly, intelligently, and voluntarily entered. Before accepting a guilty or no-contest plea, a circuit court must conduct a colloquy with the defendant to ascertain whether the defendant is knowingly, intelligently, and voluntarily entering the plea. See State v. Brown , 2006 WI 100, ¶ 23, 293 Wis. 2d 594, 716 N.W.2d 906. The circuit court must address the defendant personally to determine whether the defendant understands the nature of the charge, the potential punishment he faces, the constitutional rights he is waiving by entering the plea, and other issues designed to ensure that the defendant is aware of the consequences of relinquishing his right to trial. See WIS. STAT . § 971.08 (2015-16)[1] and State v. Bangert , 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986).
¶ 3 Eibl contends that he should be allowed to withdraw his pleas because the circuit court did not comply with its duty under WIS. STAT . § 971.08 and Bangert to explain the nature of the charges against him. Eibl acknowledges that the circuit court asked him whether he had reviewed the elements of the charges with his attorney, and Eibl admits that he told the circuit court that he had, but he contends that the circuit court should have asked him more in-depth questions about the discussion with his attorney to ensure that he understood the charges and the elements the State would have to prove to convict him.
¶ 4 The circuit court's colloquy with Eibl, while minimal, adequately complied with WIS. STAT . § 971.08 and Bangert , 131 Wis. 2d at 274. The circuit court asked Eibl if he reviewed the elements of each charge with his attorney and the evidence that the State would have to present to prove each of the elements. Eibl told the circuit court that he had. Eibl also informed the court that he had reviewed the plea questionnaire and waiver of rights form with his attorney and understood the information it contained. The elements of the crimes were attached to the questionnaire.
¶ 5 Moreover, Eibl's claim that he did not understand the nature of the charges boils down to a specific assertion: he did not understand the meaning of certain elements of stalking. We agree with the circuit court's analysis rejecting this argument:
[Eibl] does not allege that he was unaware of the elements of the offenses at the time he entered his plea but rather that he did not understand the meaning of certain elements of stalking. Specifically, he alleges that he did not understand the meaning of "course of conduct" or "suffer serious emotional distress" as defined in the jury instruction. The signed jury instruction in conjunction with the plea colloquy confirms that [Eibl] reviewed the elements of stalking with his attorney and that he understood what the State would have to prove to obtain a conviction at a trial. [Eibl] does not explain what he did not understand about the elements other than to allege that he did not understand their meaning. Such allegations are insufficient for purposes of Bangert because a valid plea requires only knowledge of the elements of the offense, "not a knowledge of the nuances and descriptions of the elements." State v. Trochinski , [2002 WI 56, ¶ 29, 253 Wis. 2d 38, 644 N.W.2d 891 ].
¶ 6 Eibl next argues that he is entitled to resentencing because there is a "new factor." A "new factor" is " 'a fact or set of facts ... not known to the trial judge at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties.' " State v. Harbor , 2011 WI 28, ¶ 40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted). Eibl argues that the new factor is "information contained in police reports" about incidents on June 6, 2015, and July 25, 2015. Eibl argues that he was required to contact the police due to A.P.'s aggressive and illegal behavior toward him, for which she was arrested. Eibl contends that the circuit court was not aware of A.P.'s conduct during these incidents before it sentenced him.
¶ 7 A.P.'s conduct on June 6, 2015 and July 25, 2015, is not a "new factor" because it was not overlooked by all of the parties. To the contrary, Eibl was aware of A.P.'s actions before sentencing because he called the police to report it. To circumvent this weakness in his argument, Eibl suggests that the new factor in this case is the recently discovered police reports detailing A.P.'s conduct toward him, not simply the events themselves. The police reports are insignificant. It is the information in the police reports that A.P. acted in a certain way that Eibl contends is important to his case. And, as we just explained, Eibl was aware of that information before sentencing.
¶ 8 Eibl also suggests that the July 25, 2015 incident, which, according to Eibl, involved false sexual assault allegations by A.P., was improperly mentioned by the State at sentencing. This, too, is not a new factor because the court and the parties were all aware of the prosecutor's comments made during the sentencing hearing. See id. , ¶ 40 (a new factor is a fact unknowingly overlooked by all of the parties). To the extent that Eibl is attempting to argue that he was sentenced based on inaccurate information, that argument is not adequately developed. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to review issues that are inadequately briefed). Moreover, the circuit court pointed out in its order denying postconviction relief that the prosecutor said nothing had come of the sexual assault investigation. The circuit court also stated that it "gave absolutely no weight" to the information in framing Eibl's sentence. Therefore, Eibl is not entitled to relief.
By the Court .-Judgments and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.